IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN DIGIOVINE, | |
| Plaintiff, | Case No. 1:19-cv-04595 |
| v. | Hon. Charles R. Norgle |
| SAUDI ARABIAN OIL COMPANY, | |
| Defendant. | |

## ORDER

Defendant Saudi Arabian Oil Company's motion to dismiss [70] is granted under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Plaintiff Kevin DiGiovine's motion for leave to perfect service [75] is denied.

## MEMORANDUM OPINION

Plaintiff, Kevin DiGiovine, brought this case against Defendant, Saudi Arabian Oil Company, under section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, alleging he was unlawfully discharged from his employment with Defendant for the purpose of interfering with his eligibility for retirement benefits under Defendant's Retirement Income Plan. Dkt. 1. Though the Court entered a default judgment against Defendant on Plaintiff's motion, Dkt. 15, the Court vacated the default on Defendant's motion and ordered Defendant, as it requested, to file a motion to dismiss raising issues on service of process and jurisdiction, Dkt. 69. Now before the Court is Defendant's motion to dismiss, Dkt. 70, as well as Plaintiff's motion for leave to perfect service, Dkt. 75. For the following reasons, Plaintiff's motion for leave to perfect service is denied and Defendant's motion to dismiss is granted under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

## I. Defendant's motion to dismiss is granted under Rule 12(b)(5) for insufficient service of process.

Defendant moves to dismiss under Rule 12(b)(5) for insufficient service of process, under Rule 12(b)(1) for lack of subject matter jurisdiction, and under Rule 12(b)(2) for lack of personal jurisdiction. Defendant also argues that this case should be dismissed or, alternatively, transferred to the U.S. District Court for the District of Columbia because venue is not proper in this district. Aside from the bulk of Defendant's argument that the Court lacks personal jurisdiction over Defendant, Defendant's motion otherwise hinges on several provisions of the Foreign Sovereign Immunities Act of 1976 ("FSIA").[1] Specifically, Defendant's Rule 12(b)(5) argument that service of process was insufficient invokes 28 U.S.C. § 1608(b), which details the requirements for service of process on an instrumentality of a foreign state. Dkt. 70 at 3-6. Similarly, Defendant's Rule 12(b)(1) argument that the Court lacks subject matter jurisdiction invokes the presumption under 28 U.S.C. § 1604 that sovereign immunity precludes suits against a foreign state or an instrumentality of a foreign state and that none of the exceptions to sovereign immunity in 28 U.S.C. § 1605 apply. Dkt. 70 at 6-9. Additionally, Defendant's argument that this case should be dismissed or, alternatively, transferred to the D.C. District Court under 28 U.S.C. 1406(a) is based on 28 U.S.C. § 1391(f), the venue provision that applies to lawsuits against foreign states and instrumentalities of foreign states.

The Court declines to plunge into the thicket of the parties' arguments any deeper than necessary to resolve Defendant's motion to dismiss. As explained below, the Court grants Defendant's motion to dismiss on Defendant's Rule 12(b)(5) for insufficient service of process.

---

[1] Defendant makes a brief and ultimately redundant argument under the FSIA that if, as it argues, Plaintiff has not established subject matter jurisdiction or proper service of process, the Court also cannot exercise personal jurisdiction over Defendant. Dkt. 70 at 9. The remainder of Defendant's argument on personal jurisdiction relates to the universal and constitutionally mandated "minimum contacts" standard. Dkt. 70 at 9-11.

2

The FSIA applies because Defendant is an instrumentality of the Kingdom of Saudi Arabia. And Plaintiff indisputably failed to serve Defendant in compliance with the requirements for service of process on an instrumentality of a foreign state under 28 U.S.C. § 1608(b).

**A. The FSIA applies because Defendant is an instrumentality of the Kingdom of Saudi Arabia.**

For Defendant to properly invoke any provision of the FSIA, including the service of process requirements under 28 U.S.C. § 1608(b), Defendant must first demonstrate that it is an "agency or instrumentality of a foreign state" as that term is defined under 28 U.S.C. § 1603(b). To fall within that definition, Defendant must be: (1) "a separate legal person, corporate or otherwise;" (2) "an organ of a foreign state or a political subdivision thereof, a majority of whose shares or other ownership is owned by a foreign state or political subdivision thereof;" and (3) "neither a citizen of a State of the United States . . . nor created under the laws of any third country." 28 U.S.C. § 1603(b). Defendant claims it is an instrumentality of the Kingdom of Saudi Arabia because Defendant is a joint stock company organized under the laws of Saudi Arabia and headquartered in Dhahran, Saudi Arabia; the overwhelming majority (more than 98%) of Defendant's shares are owned by the Kingdom of Saudi Arabia; and Defendant is neither a citizen of the United States nor created under the laws of a third country. Dkt. 70 at 2, 3 n. 2.

Though both parties' positions are supported by sparse evidence,[2] Plaintiff does not dispute that Defendant was organized under the laws of Saudi Arabia, is headquartered in Saudi Arabia, and is neither a citizen of the United States nor created under the laws of a third country. Plaintiff's

---

[2] Both parties rely only on citations to three internet sources: an overview of Defendant's business on Bloomberg Law's website; a January 12, 2020 article by the Associated Press that appears on the U.S. News & World Report website; and a December 18, 2019 article that appears on the Forbes website. See Dkt. 46 at 12 (Plaintiff's response to Defendant's motion to set aside the default); Dkt. 54 at 1 (Defendant's reply in support of its motion to set aside the default); Dkt. 70 at 2 (citing Plaintiff's response and Defendant's reply to Defendant's motion to set aside the default); Dkt. 81 at 10; Dkt. 76 at 1, 3-4.

3

only retort to Defendant's assertion that it is an instrumentality of the Kingdom of Saudi Arabia is that Defendant launched an initial public offering three weeks after moving to vacate the default entered against it in this case and, therefore, "no longer exists as an entity wholly owned by the Kingdom of Saudi Arabia, thereby rendering the FSIA inapplicable." Dkt. 81 at 16. But Plaintiff's argument is untethered to the definition of "agency or instrumentality of a foreign state" under 28 U.S.C. §1603(b). § 1603(b) does not require Defendant to be wholly owned by the Kingdom of Saudi Arabia to be its instrumentality. Rather, under § 1603(b)(2), Defendant must only be "an organ of a foreign state or a political division thereof, a majority of whose shares or other ownership is owned by a foreign state or political subdivision thereof." 28 U.S.C. § 1603(b)(2). And Plaintiff does not dispute that even after Defendant's initial public offering, less than 2% of Defendant's shares are publicly traded and more than 98%—an "overwhelming majority" as Defendant correctly puts it—of Defendant's shares are owned and controlled by the Kingdom of Saudi Arabia. Accordingly, the Court finds that Defendant is an instrumentality of the Kingdom of Saudi Arabia under 28 U.S.C. § 1603(b) to which the FSIA applies.

**B. Plaintiff failed to properly serve Defendant under the FSIA's requirements for service of process on instrumentalities of foreign states under 28 U.S.C. § 1608(b).**

Since Defendant is an instrumentality of the Kingdom of Saudi Arabia, the FSIA's requirements for service of process under 28 U.S.C. § 1608(b) apply. Under § 1608(b), service on Defendant may be made in one of three ways: (1) by "special arrangement for service" between Plaintiff and Defendant; (2) "if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents;" or (3) if service cannot be made under (1) or (2), "and if reasonably calculated to give actual notice, by

4

delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state" as directed by the foreign state in response to a letter rogatory or request, by any form of mailing requiring a signed receipt, or as directed by order of the court consistent with the law of the place where service it to be made. 28 U.S.C. § 1608(b).

Plaintiff purported to serve Defendant through an agent of Defendant's U.S.-based subsidiary, Aramco Services Company ("Aramco Services"), at an address in Houston, Texas. Dkt. 8. But Plaintiff makes no argument that service of the summons and complaint on Aramco Services' agent constituted sufficient service on Defendant under 28 U.S.C. § 1608(b). Nor could Plaintiff because it is plainly insufficient. Plaintiff's service on Aramco Services was not by "special arrangement for service" between Plaintiff and Defendant or by certified mail as directed by the Kingdom of Saudi Arabia in response to a letter rogatory or request, or by order of a Saudi Arabian court. Nor was it by delivery of the summons and complaint on an officer, managing or general agent, or any other agent authorized to receive service of process for Defendant. Aramco Services is not an agent for service of process or authorized to accept service of process on behalf of Defendant. Dkt. 33 at 1. And Plaintiff has not presented any evidence or information that supports a finding to the contrary that Aramco Services is Defendant's agent for purposes of service of process on the basis that Defendant "so controls" Aramco Services that the "two entities become one for purposes of service of process." In re Subpoena to Huawei Technologies Co., Ltd., 720 F. Supp. 2d 969, 972-75 (N.D. Ill. 2010).

**C. ERISA does not override the FSIA's service requirements and does not change the ultimate result that Plaintiff failed to properly serve Defendant.**

Plaintiff eschews any analysis of the FSIA's requirements for service on an instrumentality of a foreign state like Defendant in favor of an argument that any failure to comply with the FSIA's

5

service requirements is immaterial because service on Defendant through Aramco Services was sufficient under ERISA. Plaintiff's argument is flawed for at least three reasons.

First, Plaintiff provides no authority to support the proposition that ERISA's liberal service of process rules override the FSIA's requirements for service on an instrumentality of a foreign state. On the contrary, if the FSIA applies, as here, it is the sole basis for obtaining jurisdiction over a foreign state or an instrumentality of a foreign state in federal court. Howe v. Embassy of Italy, 68 F. Supp. 3d 26, 31 (D.D.C. 2014). Importantly, the FSIA compresses subject-matter jurisdiction and personal jurisdiction into a single, two-pronged inquiry: (1) whether service of process was accomplished properly under 28 U.S.C. § 1608, and (2) whether a statutory exemption to sovereign immunity under 28 U.S.C. § 1605 applies. Ibid. As the Court explained above, Plaintiff has indisputably failed to properly serve Defendant under 28 U.S.C. § 1608(b). And the Court lacks personal jurisdiction over Defendant unless and until Defendant receives proper service of process. Id. at 32 (citing 28 U.S.C. § 1330(c)).

Second, even setting aside the FSIA's service requirements, Plaintiff misconstrues ERISA's liberal service of process rules. Plaintiff cites three nonprecedential district court decisions (one published, two unpublished) for the proposition that because ERISA incorporates liberal rules regarding service of process, Plaintiff's service on Defendant through Aramco Services was proper. Dkt. 81 at 14-15 (citing Barry v. Carestream Health, Inc., 752 F. Supp. 2d 318 (W.D.N.Y. 2010); Spencer v. I.B.E.W. Local 1249 Ins. Fund, No. 14-CV-00160, 2016 U.S. Dist. LEXIS 3270 (W.D.N.Y. Jan. 8, 2016); and Arnoff v. Service Employees Local 32-BJ AFL-CIO, No. 02 Civ. 5386(LMM), 2003 WL 1900832, 2003 U.S. Dist. LEXIS 6377 (S.D.N.Y. Apr. 16, 2003). But Plaintiff reads those cases and ERISA's service requirements far too broadly.

ERISA § 502(d)(1) indeed incorporates liberal service of process rules, but only as it relates to suits against employee benefit plans. ERISA § 502(d) is notable because it overrides the rule at common law that "a trust cannot sue or be sued" by allowing employee benefit plans to sue, making them amenable to suit, and limiting personal liability of plan administrators. Larson v. United Healthcare Ins. Co., 723 F.3d 905, 914 (7th Cir. 2013). In addition to upending the common law rule that trusts like employee benefit plans cannot be sued, ERISA § 502(d)(1) expands the methods available to serve process on a plan, providing that "[s]ervice of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan." 29 U.S.C. § 1132(d)(1). Where an employee benefit plan has not designated an individual for service of process, § 502(d)(1) also allows for service to be made on the Secretary of Labor. Ibid.

But Plaintiff's claim in his complaint is not against Defendant's Retirement Income Plan. Rather, as noted at the outset, Plaintiff's claim is against Defendant, Plaintiff's (former) employer, under ERISA § 510 for unlawfully interfering with Plaintiff's eligibility for retirement benefits under the Plan by terminating Plaintiff before his right to retirement benefits under the Plan vested. Dkt. 1. In that way, Plaintiff's claim is distinct from a run-of-the-mill ERISA claim under ERISA § 502(a), including claims to recover benefits due or to clarify rights to future benefits. See 29 U.S.C. § 1132(a). ERISA § 502(a) claims typically must be brought against the plan itself rather than, for example, against the plan administrator, because the plan is the obligor. Feinberg v. RM Acquisition, LLC, 629 F.3d 671, 673 (7th Cir. 2011). As a result, ERISA § 502(d)(1) relaxes the service requirements on ERISA § 502(a) claims—where the plan is the proper defendant, ERISA § 502(d)(1) allows the plan to be served through a trustee or administrator or, if the plan does not designate an agent for service of process, on the Secretary of Labor.

7

Claims like Plaintiff's under ERISA § 510 are different. ERISA § 510 makes it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled . . . ." 29 U.S.C. § 1140. Thus, unlike ERISA § 502(a) claims, ERISA § 510 claims are not necessarily or typically required to be brought against the plan. Rather, ERISA § 510 claims may be brought against "any person," including a plan's sponsor and a participant's employer like Defendant, that engages in an unlawful act proscribed by ERISA § 510. 29 U.S.C. § 1140; Teamsters Local Union No. 705 v. Burlington Northern Santa Fe LLC, 741 F.3d 819, 827 (7th Cir. 2014). Plaintiff's claim here, alleging that Defendant improperly discharged him for the purpose of interfering with his attainment of a right to benefits under the Plan (that otherwise would have vested in a matter of months) is a quintessential ERISA § 510 claim. See id. at 826-27; Feinberg, 629 F.3d at 675.

Plaintiff's claim that Aramco Services also qualifies as an "employer" because Defendant classified the Plan as a single-employer plan, listed Aramco Services as an associated company that also participated in the Plan, and listed the Plan's sponsor name in the Plan's Form 5500 as "SAUDI ARABIAN OIL COMPANY SAUDI ARAMCO C/O ARAMCO SERVICES COMPANY," listing Aramco Services' address in Houston, Texas is therefore irrelevant. Plaintiff does not allege that he was employed by Aramco Services or that Aramco Services engaged in any unlawful acts against Plaintiff such that Aramco Services is a proper defendant. See Teamsters Local, 741 F.3d at 826 ("The term discharge as used in § 510 presupposes an employment relationship; only an employer can discharge an employee.") Nor does Plaintiff, as explained above, allege or argue that Defendant "so controls" Aramco that the "two entities become one for purposes of service of process." Huawei Technologies, 720 F. Supp. 2d at 972-75. And even if

Aramco Services qualifies as an "employer" under ERISA § 3(5), as Plaintiff suggests, that does not render Plaintiff's service on Defendant through Aramco Services proper under ERISA § 502(d)(1) because Defendant is not the Plan and Plaintiff does not contend that Aramco Services is the Plan's trustee, administrator, or agent for service of process.

Most fundamentally, no return of service is properly before the Court or formally in the record of this case. Plaintiff moved to withdraw the return of service after Plaintiff's counsel received a letter from Armaco's general counsel that informed Plaintiff's counsel that Aramco is not authorized to accept service for Defendant. Dkt. 9; Dkt. 12 at ¶¶ 10-11. The Court granted Plaintiff's motion to withdraw the return of service as a matter of course. Dkt. 11. Plaintiff has not refiled that return of service. Rather, in response to Defendant's motion to set aside the default, Plaintiff moved for leave to refile and amend the return of service, Dkt. 56, which the Court denied as procedurally defective and unnecessary to support the Court's default order because the Court had granted Defendant's motion to set aside the default, Dkt. 69.

**II. Plaintiff's motion for leave to perfect service is denied.**

Also before the Court is Plaintiff's motion for leave to perfect service, which includes a variety of requests. Dkt. 75. Plaintiff first requests that the Court find that Defendant "has appeared and subjected itself to the jurisdiction of the Court" because Defendant has actively litigated in this case for more than a year, beginning with its motion to set aside the default through to its motion to dismiss for improper service and lack of jurisdiction. Plaintiff cites no authority for that request and the Court rejects it, especially considering that Defendant's admittedly active litigation so far in this case has exclusively challenged the Court's jurisdiction.

Next, Plaintiff asks for leave to refile the return of service on Aramco Services "to make service effective" on Defendant. The Court too rejects that request because, as explained above,

9

service on Defendant through Aramco Services cannot under any circumstances "make service effective" on Defendant. Last, Plaintiff asks leave to amend the return of service on its face and refile it within a reasonable time under Federal Rule of Civil Procedure 4(a)(2) in the event that the summons must provide Defendant with 60 days to respond to the complaint under 28 U.S.C. § 1608(d) instead of the 21 days listed on the face of the summons. The Court also rejects that request. As the FSIA applies to Defendant, 28 U.S.C. § 1608(d) provides that Defendant's answer or response to the complaint is due within 60 days of service. As a result, Plaintiff's initial summons to Defendant was defective on its face. And given that Plaintiff has not properly served Defendant under 28 U.S.C. § 1608(b), the Court finds no reason to grant Plaintiff leave to amend a defective return of service.

Curiously, Plaintiff claims, "[i]n other cases where a plaintiff has sought leave to perfect service on a defendant under the FSIA, courts have granted such requests," particularly where, as here, the defendant has actual notice of the suit, Dkt. 75 at 5, citing Brown v. Austrian Airlines, No. CV-97-3798, 1997 WL 913334, 1997 U.S. Dist. LEXIS 21313 (E.D.N.Y. Dec. 9, 1997) and First City, Tex.-Houston, N.A. v. Rafidain Bank, 90 Civ. 7360, 1992 WL 296434, 1992 U.S. Dist. LEXIS 15235 (S.D.N.Y. Sep. 28, 1992). Those cases, however, involved courts granting the plaintiff additional time to effect service on the defendant under 28 U.S.C. § 1608. But Plaintiff notably does not request additional time to effect proper service on Defendant under 28 U.S.C. § 1608(b). Rather, Plaintiff contends that international service options "would not be feasible." Dkt. 75 at 2. Whether or not that is true, the Court may not excuse Plaintiff from the requirements for service of process on instrumentalities of foreign states like Defendant under 28 U.S.C. § 1608(b). Accordingly, Plaintiff's motion for leave to perfect service is denied and Defendant's motion to dismiss is granted under Rule 12(b)(5) for insufficient service of process.

IT IS SO ORDERED.

ENTER:

19cv04595

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 16, 2021